IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DANAH J. MADDOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3125 |
| | ) | |
| KINCAID GENERATION LLC, | ) | |
| | ) | |
| Defendant. | ) | |

<u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Kincaid Generation LLC's (Kincaid) Motion for Summary Judgment with Respect to Count II of the First Amended Complaint (d/e 96) (Motion for Summary Judgment), Motion to Withdraw Certain Admissions Made by Default to Plaintiff's Demand to Admit Fact (d/e 100) (Motion to Withdraw), and Motion for Protective Order (d/e 101); and Plaintiff Danah Maddox's Motion in Limine 1-7 (d/e 97) (Motion in Limine), and Motion for Sanctions Due to Spoilation of Evidence (d/e 98) (Motion for Sanctions). Plaintiff Danah Maddox fell down a set of stairs located on Kincaid's property and suffered injuries. She brought this action against Kincaid. Count I of the First

1

Amended Complaint (d/e 74), she alleges a negligence claim for personal injuries, and in Count II she alleges a negligence claim for spoilation of evidence. Kincaid seeks summary judgment on Count II. In response, Maddox argues that Kincaid admitted the material facts necessary to establish liability under Count II. Maddox sent Kincaid a Demand to Admit Fact (Request to Admit) after fact discovery closed in this case. Kincaid did not respond to the Request to Admit. Maddox argues that because Kincaid did not respond, it admitted all of the matters asserted in the Request to Admit.

The pending Motions, other than the Motion for Summary Judgment, relate primarily to the validity of the Request to Admit. Kincaid did not admit the assertions in the Request to Admit because Maddox did not timely serve the Request. Regardless, however, issues of fact exist with respect to Count II, and so Kincaid is not to entitled summary judgment. Thus, for the reasons set forth below, the Motion for Summary Judgment is denied, the Motion to Withdraw Admissions is allowed, the Motion for Protective Order is allowed in part, the Motion in Limine is allowed in part, and the Motion for Sanctions is denied.

STATEMENT OF FACTS

On September 19, 2002, Maddox was present at a power plant operated by Kincaid in Christian County, Illinois.  She was there working for an independent contractor that was providing services to Kincaid at the power plant.  Maddox fell down a set of metal stairs that were attached to the exterior of a large metal tank.  She suffered injuries as a result of the fall.  In Count I of the First Amended Complaint, she asserts a negligence claim for these injuries.

After Maddox fell, Kincaid employee Eric Burgener was instructed to take some photographs of the stairs with a company-owned digital camera. <u>Motion to Withdraw</u>, attached Memorandum exhibit, <u>Burgener Deposition Excerpt</u> at 11.  Burgener said that he took the pictures on the night that he was asked to participate in the investigation, or the day after.  The camera and pictures were given to Douglas Black, Kincaid's operations manager. <u>Id.</u>

Somewhere between one and four days after Maddox fell, employees of Kincaid removed and replaced the treads of these stairs. <u>Motion for Sanctions</u>, Exhibit B, <u>Lumb Deposition Excerpt</u> at 12.  The other parts of the stairs (the handrails, the stringers, and the risers) were not replaced or

3

repaired. The old stair treads were placed in the metal recycling dumpster.

Kincaid's safety manager James Lumb inspected the stairs the day after the treads had been replaced. He stated in his deposition that Kincaid had a policy of investigating on-site accidents. He was upset that the treads had been replaced before he had an opportunity to inspect the stairs. He stated that he understood that someone on a midnight shift replaced the treads. Id. at 12. He states that he retrieved one of the discarded treads from the dumpster. The tread he recovered has some yellow paint on it. Motion to Withdraw, attached Memorandum Exhibit, Lumb Deposition Excerpt at 13. Several individuals who worked at the plant have testified that the stairs on which Maddox fell were not painted yellow. Response to Motion to Withdraw (d/e 105), attached Exhibits A through G, Deposition Excerpts of Kincaid Employee and Danah Maddox.

According to Black, Lumb also took pictures of the stairs. Motion to Withdraw, attached Memorandum Exhibit, Black Deposition Excerpt at 41. Black states that a total of 12 digital photographs of the stairs were taken after the accident. Id. at 41-42. Kincaid retained the 12 photographs and the single tread. These items were provided to Maddox in discovery. The rest of the treads were discarded.

4

The Scheduling Order in this case stated, in part:

> The parties have until June 1, 2005, to complete fact discovery. Any written discovery served subsequent to the date of this Order to be served by a date that allows the served party the full 30 days provided by the Federal Rules of Civil Procedure in which to comply. The parties have until October 15, 2005 to complete expert discovery.

<u>Order entered October 21, 2004 (d/e 17)</u> at 2. The deadline for fact discovery was extended to August 2, 2005. <u>Text Order entered July 21, 2005</u>. The deadline to complete expert discovery was extended to November 15, 2005. <u>Text Order entered June 2, 2005</u>. On August 3, 2005, Maddox sent Kincaid the Request to Admit and a set of Second Supplemental Interrogatories. The Request to Admit asked Kincaid to admit the following:

1. That the stairwell and steps upon which Plaintiff, Danah Maddox, fell on September 19, 2002, were owned and possessed and under the control of Defendant, Kincaid Generation LLC., a Foreign Corporation.

2. That all of the steps on the stairwell where Plaintiff fell were removed and thrown away in less than twenty-four (24) hours after the fall.

3. That the steps that were in place at the time Plaintiff fell were not painted yellow.

4. That Eric Bergener was the first person to take photographs and his photographs were taken within two

>   (2) hours after Danah fell.

5.  That some of the photographs taken by Eric Bergener have not been retained by Defendant and are not available for use at trial in this Cause.

6.  That the pictures taken by Eric Bergener which are available for use at trial fairly, truly, and accurately represent the condition of the steps prior to the removal and replacement of any steps.

<u>Motion to Withdraw</u>, Exhibit B, <u>Demand to Admit Fact</u>.

On August 23, 2005, Kincaid's counsel took the deposition of Maddox's expert witness Mark Briggs. Briggs was hired to render an opinion on whether the steps were safe. He testified that he could not determine whether the tread saved by Kincaid was actually from the stairs because the tread was painted yellow and several witnesses testified that the treads were not painted yellow at the time that Maddox fell. <u>Response to Motion to Withdraw</u>, Exhibit H, <u>Briggs Deposition Excerpt</u> at 25. Briggs also stated that some photographs were apparently taken before the treads were removed, but those photographs are not available. Briggs said, "Lacking that knowledge, yeah, it's difficult for me. I cannot conclusively say that the step was unsafe when they destroyed the steps and the photographs that were apparently taken before the steps were altered have

6

never been accounted for." Id. at 25. Briggs also stated that it was hard to know whether the one tread that was retained was representative of the condition of the other treads, even assuming it came from the stairs. Id. at 29-30. Briggs, however, stated that he was still able to formulate opinions that were critical of the condition of the steps at the time of the accident. Id. at 31.

Kincaid hired Edmund Dorner as its expert witness to opine on the conditions of the stairs. Dorner stated in his deposition that Kincaid's counsel told him that some photographs of the stairs could not be found. Kincaid's counsel states that he did not make this statement to Dorner. Defendant's Response to Plaintiff's Motion for Sanctions (d/e 103), Affidavit of Joseph F. Grabowski.

## ANALYSIS

Kincaid moves for summary judgment on the spoilation of evidence claim alleged in Count II. Maddox opposes the Motion based primarily on the admissions that Maddox argues Kincaid made when it failed to respond to the Request to Admit. Kincaid has moved to withdraw these admissions. Before addressing the summary judgment motion, the Court will first address the effect of the Request to Admit.

A.      Request to Admit

Kincaid did not admit any of the matters asserted in the Request to Admit because the Request to Admit was not timely served. The Scheduling Order set a deadline for fact discovery. The deadline applied to all discovery other than expert discovery. The Request to Admit clearly was written discovery. Fed. R. Civ. P. 26, 36. As such, Maddox was obligated to serve the Request to Admit at least 30 days before August 2, 2005. Maddox did not do so. Since the Request to Admit was not timely, the Court will not deem the matters asserted in the Request to be admitted. See Joseph L. v. Connecticut Dept. of Children and Families, 225 F.R.D. 400, 402 (D. Conn. 2005).

B.      Motion for Summary Judgment

Even in the absence of the admissions, though, Kincaid is not entitled to summary judgment on Count II. At summary judgment, Kincaid must present evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented in the light most favorable to Maddox. Any doubt as to the existence of a genuine issue for trial must be resolved against Kincaid. Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

255 (1986). Once Kincaid has met its burden, Maddox must present evidence to show that issues of fact remain with respect to an issue essential to her case, and on which she will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The evidence presented shows that issues of fact exist.

Maddox alleges a claim for negligent spoilation of evidence. To prevail, Maddox must present evidence of a duty to preserve evidence, breach of that duty, proximate cause, and damages. Boyd v. Travelers Ins. Co., 652 N.E.2d 267, 270 (Ill. 1995). A party generally has no duty to preserve evidence, but it may voluntarily assume that duty. Id. at 271. In this case, Kincaid took and preserved photographs of the stairs shortly after the accident and retained one tread as a sample of the condition of the stairs at the time of the accident. This evidence, when read in favor of Maddox, supports an inference that Kincaid voluntarily assumed the duty to preserve evidence.

If Kincaid assumed the duty, then its duty extended to preserving the evidence which a reasonable person would have foreseen was material to potential litigation. Id. Here, Maddox, a non-employee, was injured on

Kincaid's property. Kincaid's safety manager Lumb investigated the accident site. He and Burgener took photographs of the stairs; Lumb recovered one of the treads from a dumpster; and Lumb or Black preserved this evidence. This evidence tends to support the inference that Kincaid employees investigated and preserved evidence of the condition of the stairs because they anticipated possible litigation and believed that the condition of the stairs would be an issue. This evidence at least creates an issue of fact.

The evidence, when viewed in the light most favorable to Maddox, also supports a finding of a breach of duty. Lumb elected to preserve only one of the treads. Some evidence indicates that he did not even save one of the treads because the stairs on which Maddox fell were not painted yellow, but the tread that he preserved had yellow paint on it. Photographs were also taken, but some evidence indicates that Kincaid did not preserve all of the photographs. According to Dorner, Kincaid's counsel stated that some of the photographs could not be found. Kincaid disputes this, but that dispute only creates an issue of fact. For purposes of the Motion, the Court must view the evidence in the light most favorable to Maddox and assume that some of the photographs are missing. A failure to preserve all of the

photographs, and the possible failure to preserve any of the treads from the stairs, would support a finding that Kincaid breached the duty to preserve evidence.

The evidence also supports the finding of proximate cause and damage. To establish proximate cause, Maddox must present evidence that, but for the loss of the evidence, she would have had a reasonable probability of succeeding in the underlying suit. Id. at 271, n. 2. Maddox's expert, Briggs, testified in his deposition that it was difficult for him to state an opinion conclusively because of the lack of evidence. A jury could find that: (1) Maddox could not prevail on the underlying personal injury claim in Count I because Briggs' expert opinions about Kincaid's negligence in connection with the condition of the stairs were not persuasive; (2) Briggs' opinions were not persuasive because of the lack of physical evidence to support his opinions; and (3) but for this lack of evidence, a reasonable probability existed that (a) the additional physical evidence would have corroborated Briggs' experts opinions, (b) this additional corroboration would have persuaded the jury that Kincaid was negligent in the construction or maintenance of the steps, and (c) the jury would have entered a verdict in favor of Maddox in the underlying personal injury

11

action. Given the numerous issues of fact that remain, the Motion for Summary Judgment is denied. The Court will now address the remaining motions.

C.   Motion in Limine

Maddox's first five Motions in Limine are based on her claim that Kincaid admitted matters asserted in the Request to Admit. As explained above, the Request to Admit was not timely and so Kincaid is not deemed to have admitted the matters asserted. Maddox's First through Fifth Motions in Limine, therefore, are denied.

Maddox's Sixth Motion in Limine asks the Court to prohibit Kincaid's expert, Edmund Dorner, from opining about the effect of the drug Vicodin relative to the cause of Maddox's fall. Maddox took Vicodin on September 19, 2002, before coming to work at the Kincaid power plant. Dorner states in his report that Vicodin has its most powerful effect 30 to 60 minutes after a person takes the medicine. Motion in Limine, Exhibit C, Dorner Expert Report, ¶¶ 24-25. According to Dorner's report, Maddox fell during this period. Dorner states that he believes that Maddox fell because of the effects of the Vicodin. Id.

Dorner is an engineer. The evidence presented fails to show that he

has the requisite expertise to render an opinion on the effects of a drug. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592-93 (1993). He has no training in medicine or pharmacology. The Sixth Motion in Limine is therefore allowed. Kincaid is barred at this time from presenting Dorner's opinions relative to the effect of Vicodin on Maddox and the connection between her use of the medicine and the cause of the accident. Should Kincaid have additional evidence to establish that Dorner has the requisite experience and background to render opinions on the effect of medications such as Vicodin, it may present this evidence to the Court outside the presence of the jury and ask the Court to reconsider its ruling.

Maddox's Seventh Motion in Limine asks the Court to bar Kincaid's expert, Albert Suguitan, from opining about the expected starting salary for a real estate agent in Christian County, Illinois. Suguitan opined in his written report to a reasonable degree of certainty that a starting real estate agent in Christian County could expect to make between $30,000.00 to $40,000.00 a year. Motion in Limine, Exhibit E, Suguitan Expert Report at 2. In his deposition, however, Suguitan stated that he could not estimate with any certainty the salary range of $30,000.00 to $40,000.00 per year. Id. Exhibit D, Suguitan Deposition Excerpt at 38. The Court agrees that

the opinion regarding $30,000.00 to $40,000.00 salary range is speculative. The Court, therefore, allows the Seventh Motion in Limine with respect to that opinion. The Court notes, however, that Suguitan also opined in his report that the salary range would be below the national median of $49,300.00, because of real estate prices in Christian County and because Christian County is a largely rural county. <u>Suguitan Expert Report</u> at 2. These opinions are stated to a reasonable degree of certainty and would help the jury. Suguitan, therefore, may express the opinion that the starting salary would be below the national median of $49,300.00, but may not express the opinion that the salary would be between $30,000.00 and $40,000.00 a year.

D.   <u>Motion for Sanctions</u>

The Motion for Sanctions is denied. Maddox asks for sanctions because Kincaid preserved only selective photographs of the stairs and failed to preserve photographs taken shortly after the occurrence. Maddox relies on the Request to Admit to support this Motion. The Request to Admit, however, was not timely served and, so, the admissions were not made. The remaining evidence submitted to the Court does not support an award of sanctions. Some evidence indicates that photographs are missing, but other

evidence does not. At this point, the Court sees no reason to sanction Kincaid.

E.     Motion to Withdraw

The Motion to Withdraw Admissions is denied as moot for the reasons stated above. The Request to Admit was not timely served, and so Kincaid is not deemed to have admitted any matters asserted in the Request to Admit. Consequently, there are no admissions to withdraw.

F.     Motion for Protective Order

The Motion for Protective Order is allowed in part. Kincaid asks the Court to order that it is not required to respond to the Request to Admit and the Second Supplemental Interrogatories. This request in the Motion for Protective Order is allowed. These documents were not timely served, and Kincaid is not obligated to respond to them.

Kincaid further asks the Court for a protective order based on Maddox's Second Supplemental Disclosure Pursuant to FRCP 26 (a)(2)(b), dated November 28, 2005. This supplemental disclosure states that Maddox intends to call one of Kincaid's experts, June Blaine. The disclosure states:

Ms. Blaine will be called to testify with respect to her opinions

>as to Plaintiff's employability in the construction trade. These opinions are all set forth in a memorandum/letter to Broadspire, Inc. The exact date of the memorandum is not identified at this time, but is an exhibit to the deposition of Ms. Blaine.

<u>Motion for Protective Order</u>, attached exhibit, <u>Second Supplemental Disclosure Pursuant to FRCP 26 (a)(2)(b)</u>. Kincaid objects because this notice was sent after the November 15, 2005, expert discovery cutoff date. Maddox responds that she has an obligation to update her disclosures. <u>Fed. R. Civ. P.</u> 26(e)(1). Maddox further argues that there is no prejudice since Blaine is Kincaid's expert and Kincaid is aware of her opinions. The Court agrees with Maddox. The Court sees no prejudice to Kincaid since Blaine is one of its experts. This aspect of the Motion for Protective Order is denied.

THEREFORE, Defendant Kincaid Generation LLC's Motion for Summary Judgment with Respect to Count II of the First Amended Complaint (d/e 96) is DENIED; its Motion to Withdraw Certain Admissions Made by Default to Plaintiff's Demand to Admit Fact (d/e 100) is DENIED as moot; its Motion for Protective Order (d/e 101) is ALLOWED in part and DENIED in part; and Plaintiff Danah Maddox's Motion in Limine 1-7 (d/e 97) is ALLOWED in part, and DENIED, in part;

16

and her Motion for Sanctions Due to Spoilation of Evidence (d/e 98) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: February 7, 2006.

FOR THE COURT:

s/ Jeanne E. Scott<br>
JEANNE E. SCOTT<br>
UNITED STATES DISTRICT JUDGE